Filed 2/17/15  P. v. Smith CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES FREDERICK SMITH,<br><br>    Defendant and Appellant. | F067688<br><br>(Super. Ct. No. CRF40494)<br><br>**OPINION** |

**THE COURT\***

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

John K. Cotter, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant Charles Frederick Smith stands convicted by a jury of possession of an illegal substance, methamphetamine, while in a jail facility, a violation of Penal Code section 4573.6.[1] Smith admitted two prior convictions for robbery and three prior prison terms. The trial court imposed the midterm of three years, doubled pursuant to section 667, subdivisions (b) and (e)(2)(C), for the offense, plus one year each for the prior prison terms pursuant to section 667.5, subdivision (b). The total term imposed was nine years, to be served consecutively to any term Smith currently was serving. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTUAL AND PROCEDURAL SUMMARY

On February 1, 2013, Smith was charged with violating section 4573.6. It also was alleged that he had two prior serious felony convictions and had served three prior prison terms. The trial court appointed the public defender to represent Smith. Smith pled not guilty to the charges.

On June 19, 2013, outside of the presence of the prospective jurors, the trial court advised Smith of his rights before he admitted the two prior convictions for robbery and the three prior prison terms. Both parties stipulated that the drugs seized from Smith's bunk were tested and found to be methamphetamine. After accepting the admissions and stipulation, jury selection began.

During jury selection, defense counsel informed the prospective jurors that Smith was incarcerated at the time of the charged offense and asked if the fact that he had been incarcerated would influence their deliberation or if they could "keep that out of the equation." Prospective Juror No. 261797 indicated it might be "a little hard" to ignore the "fact that they're already in prison." Defense counsel exercised a peremptory challenge against this juror.

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

Defense counsel also informed the prospective jurors that Smith might opt not to testify, as was his constitutional right. Prospective Juror No. 305067 indicated he would wonder why defendant was not testifying and it "would always be in the back of [his] head." This prospective juror was excused for cause.

After the jury was seated and before presentation of evidence began, the trial court welcomed and instructed the jury with some preliminary instructions on their role as a juror, such as assessing witness credibility, deciding the case based only upon evidence presented at trial, and that the prosecution had the burden of proof.

Testimony at trial established that on November 12, 2012, Smith was incarcerated at the Sierra Conservation Center. Officer Mark Weiland was conducting a security check on that date. When Weiland walked into the dorm where Smith was housed, he scanned the room quickly. Weiland observed Smith quickly place an object under his bunk. Weiland walked over to where Smith was located and ordered Smith to submit to a search.

Weiland did a patdown search of Smith and found nothing on him. Weiland saw two "bindles of something" on the bunk and called for assistance. The bindles were "right next to where [Smith] had been sitting." Weiland ordered Smith to go to the day room so he could not attempt to tamper with the bindles.

After Smith went to the day room, Weiland looked at the substance in the bindles and saw it was "white crystalline inside the plastic." Under the bunk, Weiland found a pile of what looked to be the same white substance that was in the bindles.

Officer Ethan C. Gebauer II also was working at the Sierra Conservation Center on November 12, 2012. On that day Gebauer escorted Smith to a medical examination room so Smith could be checked for any marks or injuries. After the exam, Gebauer escorted Smith back to a holding cell. As other inmates walked to and from their way to the dining area, Gebauer heard Smith say several times, "They caught me with speed." "Speed" is slang for methamphetamine. Gebauer documented all this is in his report.

3.

At the conclusion of testimony and outside the presence of the jury, the trial court and both counsel engaged in a discussion regarding jury instructions to be given. The trial court fully instructed the jury before counsel presented closing arguments. Defense counsel argued that the prosecution had to prove Smith knew the bindles were there and that the substance was methamphetamine. Defense counsel also argued that the prosecution had to prove Smith possessed the substance.

The jury convicted Smith of the charged offense. At sentencing, Smith indicated he was serving a six-year term for another offense and had served two of the six years. Smith stated he was dealing with "the drug problem" "every single day" and was "facing a lot of time for a drug problem."

The probation report recommended an aggravated term of imprisonment; the trial court rejected the recommendation. The trial court found no aggravating or mitigating circumstances and imposed the midterm of three years. The three-year term was doubled pursuant to section 667, subdivisions (b) through (i), for a six-year base term. A one-year term was imposed for each of the three prior prison terms admitted by Smith, for a total aggregate term of nine years. The abstract of judgment accurately reflects the trial court's oral pronouncement.

A notice of appeal was filed on July 26, 2013. On November 7, 2013, appellate counsel filed a declaration and a motion to augment the record on appeal, requesting that the reporter's transcript of the jury selection be prepared. Appellate counsel desired to examine the record of the jury selection to determine whether questions from defense counsel had tainted the jury venire and prevented Smith from receiving a fair trial. This court granted the request on November 13, 2013, and the augmented reporter's transcript was filed December 9, 2013.

## DISCUSSION

Appellate counsel filed a *Wende* brief on January 27, 2014. On February 19, 2014, this court received a letter from Smith indicating it was "not fair" to have an

4.

appellate brief filed that raised no issue, especially when Smith had raised the issue of a tainted venire with appellate counsel.

After independent review of the record, we have concluded there are no reasonably arguable factual or legal issues. Subsequent to Smith's conviction, however, California voters passed Proposition 47, The Safe Neighborhoods and Schools Act (the Act), which took effect November 5, 2014. Proposition 47 added section 1170.18 to the Penal Code, which provides that any person currently serving a sentence for a conviction of a felony that would have been a misdemeanor had the Act been in effect at the time of the offense, may petition for a recall of sentence and request resentencing in accordance with the Act.

## DISPOSITION

The judgment is affirmed without prejudice to any rights Smith may have under section 1170.18 to petition for a recall of sentence and resentencing.